UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CLARENCE H. ELLIOT,          )
                             )
        Petitioner,          )      2: 08-cv-00829-GMN-RJJ
                             )
vs.                          )
                             )      **ORDER**
BRIAN WILLIAMS, *et al.,*    )
                             )
        Respondents.         )
_____/

Petitioner is a state prisoner proceeding with counsel in this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondents' motion to dismiss. (Docket #37.)

**PROCEDURAL HISTORY**

Following a jury trial in the Eighth Judicial District Court, petitioner was found guilty on August 26, 1998, of murder in the first degree with use of a deadly weapon.  Exh. 13.  On October 20, 1998, petitioner filed a memo with the trial court, claiming trial counsel was ineffective and requesting new counsel.  Exh. 14.  On December 14, 1998, the trial court sentenced petitioner to consecutive terms of life with the possibility of parole after 20 years for murder and the deadly weapon enhancement.  Exh. 16.

Petitioner filed a direct appeal to the Nevada Supreme Court.  Exh. 17.  Petitioner's appellate counsel raised the following two claims: 1) the jury verdict should be reversed because the state did not prove every element of the crime  beyond a reasonable doubt; and 2) the failure of law enforcement to preserve potentially useful evidence deprived petitioner from receiving a fair trial. Petitioner's original appellate counsel withdrew and new counsel was appointed.  Exhs. 56, 57, 58. Counsel filed a supplemental brief raising the following four additional claims: 1) the trial court

erred in admitting hearsay statements of the victim; 2) the state violated petitioner's right to remain silent; 3) the state's improper closing argument denied petitioner due process and the right to a fair trial; and 4) the jury instructions failed to define "deliberate" as a separate element of first degree murder. Exh. 20. On February 28, 2002, the Nevada Supreme Court issued its opinion affirming petitioner's conviction. Exh. 22.

On June 7, 2002, petitioner filed a state postconviction petition for writ of habeas corpus. Exh. 24. In his petition, petitioner raised four grounds for relief. In ground one, petitioner alleged that trial counsel was ineffective for failing to perform any pretrial investigation; for failing to contact and interview and identified defense witnesses; for failing to locate, contact and interview any of the state's witnesses; and for failing to locate, contact and interview alibi witnesses. In ground two, petitioner alleged that trial counsel was ineffective for failing to file any pretrial motions including suppression of evidence and "alibi witness motion." In ground three, petitioner alleged that trial counsel failed to raise any meaningful defense at trial and failed to make any meaningful objections at trial. In ground four petitioner alleged that he was prejudiced by cumulative error of trial counsel. Exh. 24. The trial court appointed counsel to represent petitioner. Exh. 66. The trial court held evidentiary hearings on October 19, 2005, and March 22, 2006. Exh. 30 and 31. The trial court issued an order on March 6, 2007, granting petitioner's state habeas petition, finding that trial counsel was ineffective for not calling character witnesses or investigating the alibi witness. Exh. 34, p. 4.

The state filed a notice of appeal on April 25, 2007. Exh. 36. On March 6, 2008, the Nevada Supreme Court issued an order reversing the trial court. Exh. 45. Remittitur issued on April 1, 2008. Exh. 47.

This court received petitioner's federal petition on June 25, 2008. With counsel, petitioner filed a first amended petition on February 13, 2009, and a supplemental amended petition on March 31, 2009. (Docket #14, 24.) Respondents filed the present motion to dismiss on October 27, 2009. (Docket #37.) Petitioner opposes the motion. (Docket #38.)

**LEGAL STANDARDS**

Respondents move to dismiss this petition on the ground that it is barred by the statute of limitations. Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. *See, e.g., O'Bremski v. Maass*, 915 F.2d 418, 420 (1991); *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989); *Hillery v. Pulley*, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the court will review respondents' motion to dismiss pursuant to its authority under Rule 4.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. *Williams v.*

1  *Taylor*, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will
2  not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or
3  involved an unreasonable application of, clearly established Federal law, as determined by the
4  Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable
5  determination of the facts in light of the evidence presented in the State Court proceeding." 28
6  U.S.C. § 2254(d); *Lockyer v. Andrade*, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth
7  Circuit's approach in *Van Tran v. Lindsey*, 212 F.3d 1143 (9th Cir. 2000)); *Williams v. Taylor*, 120
8  S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court
9  concludes in its independent judgment that the relevant state-court decision applied clearly
10 established federal law erroneously or incorrectly." *Lockyer*, at 1174 (citations omitted).  "Rather,
11 that application must be objectively unreasonable." *Id*. (citations omitted).
12         While habeas corpus relief is an important instrument to assure that individuals are
13 constitutionally protected, *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);
14 *Harris v. Nelson*, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal
15 conviction is the primary method for a petitioner to challenge that conviction. *Brecht v.*
16 *Abrahamson*, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual
17 determinations must be presumed correct, and the federal court must accept all factual findings made
18 by the state court unless the petitioner can rebut "the presumption of correctness by clear and
19 convincing evidence." 28 U.S.C. § 2254(e)(1); *Purkett v. Elem*, 514 U.S. 765, 115 S.Ct. 1769
20 (1995); *Thompson v. Keohane*, 516 U.S. 99, 116 S.Ct. 457 (1995); *Langford v. Day*, 110 F.3d 1380,
21 1388 (9th Cir. 1997).

**DISCUSSION**

23         Respondents contend that petitioner has failed to present ground two of his federal
24 petition to the Nevada Supreme Court, and that this is therefore a mixed petition.  Respondents
25 request this court to either order petitioner to resolve the unexhausted claim or dismiss the petition
26 because of the unexhausted claim.

1    A petitioner who is in state custody and wishes to collaterally challenge his
2 conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. §
3 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court
4 the initial opportunity to correct the state's alleged constitutional deprivations.  *Coleman v.*
5 *Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  *Rose v. Lundy*, 455 U.S. 509, 518,
6 102 S.Ct. 1198, 1203 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).
7    A petitioner can satisfy the exhaustion requirement by providing the highest state
8 court with "a full and fair opportunity to consider and resolve the federal claims." *Sandgathe v.*
9 *Maass*, 314 F.3d 371, 371 (9th Cir. 2002), *citing  Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887,
10 888 (1995)  A federal court will find that the highest state court was given a full and fair opportunity
11 to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal
12 basis. *Duncan v. Henry*, 513 U.S. at  365, 115 S.Ct. at 888 (legal basis); *Kenney v. Tamayo-Reyes*,
13 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have
14 specifically told the state court that he was raising a federal constitutional claim.  *Duncan*, 513 U.S.
15 at 365-66, 115 S.Ct. at 888; *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir.1998).  A petitioner can
16 accomplish this by explicitly citing federal law or the decisions of the federal courts. *Sandgathe*, 314
17 F.3d at 376.  "General appeals to broad constitutional principles, such as due process, equal
18 protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195
19 F.3d 1098, 1106 (9th Cir. 1999); *see, Anderson v. Harless*, 459 U.S. 4, 7, 103 S.Ct. 276 (1982)
20 (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an
21 argument might be "self-evident.").  However, the Ninth Circuit has held that "for purposes of
22 exhaustion, a citation to a state case analyzing a federal constitutional issue serves the same purpose
23 as a citation to a federal case analyzing such an issue." *Peterson v. Lampert*, 319 F.3d 1153, 1158
24 (9th Cir. 2003).  Further, the Ninth Circuit has held that even if a petitioner did not raise a
25 constitutional issue in a manner which would otherwise be deemed sufficient, the claim is exhausted
26 if the state court actually considered and decided the issue. *Sandgathe* , 314 F.3d at 376-77.

1    In ground two, petitioner contends that he was denied his right to effective assistance
2 of counsel because counsel failed to file a motion to suppress evidence obtained by law enforcement
3 officers who grossly exceeded the scope of the search warrant. (Docket #24.)  This claim was
4 presented to the Eight Judicial District Court as ground two of petitioner's postconviction petition
5 for writ of habeas corpus.  Exh. 24.  As respondents state, the state district court granted petitioner
6 habeas relief on different grounds, expressly finding that counsel was ineffective for failing to call
7 any witnesses or conduct any investigation. Exh. 34, p. 4.  The state appealed the district court's
8 order and raised one issue: "Whether the district court erred when it granted Defendant's post-
9 conviction petition on the basis of ineffective assistance of counsel."  Exh. 42, p. 1.  Respondents
10 contend that petitioner's answer brief did not raise the legal or factual basis for his present ground
11 two claim.  They argue that petitioner did not file a cross appeal pursuant to NRAP (3)(4), presenting
12 the claims the district court denied relief on, including trial counsel's failure to file a motion to
13 suppress.  Respondents thus argue that ground two is unexhausted.

14    Petitioner argues in response that ground two is exhausted.   He contends that the
15 claim was before the Nevada Supreme Court because of the briefing provided by the parties on
16 appeal.  First, in discussing petitioner's several claims of ineffective assistance, the state argued that
17 trial counsel was not ineffective for failing to file a motion to suppress, stating as follows:

> Similarly, Mr. Kennedy did not feel that filing frivolous motions or motions with no chance of success would benefit defendant.  While defendant contends, for example, that the keys retrieved from his residence were illegally seized, he conceded on cross-examination that on two separate occasions in February of 1996, he had consented to search of his home and had also provided the police a set of his car keys.

22 Exh. 42, p. 24. Next, petitioner responded to respondents' argument in his answering brief,
23 contending that counsel should have filed a motion to suppress, arguing:

> Mr. Elliot testified that he had no knowledge of a police detective taking car keys and photographing them until he, Mr. Elliot, was in court. Elliot argues the keys were taken during a search of other parts of the house, and not covered by the existing search warrant, the state argues that the keys were taken during a consent search; Mr. Kennedy might at least have tested the issue on a Motion to Suppress.

Exh. 43, p. 28. Finally, respondents argued in their reply brief that petitioner had failed to show that a motion to suppress would have been successful, arguing as follows:

> Defendant further contends that trial counsel should have tested the issue of an alleged illegal search in a Motion to Suppress. However, as stated in the State's Opening Brief, Defendant conceded on cross-examination that on two separate occasions in February 1996, he consented to the search of his home and had also provided the police with a set of car keys. Defendant has failed to show that a Motion to Suppress would have been successful.

Exh. 44, p. 3. Petitioner concludes that although the Nevada Supreme Court did not rule directly on the Fourth Amendment dimension to the ineffective assistance of counsel claim, the issue was clearly before the court.

The court agrees. Although this case presents an unusual factual scenario of the underlying case being presented to the Nevada Supreme Court on an appeal by the respondents, the court finds that the factual and legal basis of petitioner's claim was placed before the court by the briefing provided to that court by both parties. Accordingly, this court concludes that the concern of comity to the state court which underlies the exhaustion doctrine has been satisfied.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss is **DENIED.** (Docket #37.)

**IT IS FURTHER ORDERED** that respondents shall **FILE** an answer to this petition for writ of habeas corpus within thirty (30) days of the date of service of this order. Petitioner is granted thirty (30) days thereafter to file a reply.

DATED this 1st day of October, 2010.

Gloria M. Navarro
United States District Judge